The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Dated: February 14 2022

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 21-31239 |
| | ) | |
| Teresa Nadeau, | ) | Chapter 7 |
| | ) | |
| | ) | JUDGE JOHN P. GUSTAFSON |
| Debtor(s). | ) | |

## MEMORANDUM AND ORDER RE: TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION

This cause comes before the court on the Trustee's Objection to Debtor's Claim of Exemption, [Doc. #18], and the Debtor's Response to Trustee's Objection to Claim of Exemption. [Doc. #24]. On October 19, 2021, a hearing was held on the Trustee's Objection and the Debtor's Response. At that Hearing, the court agreed to the parties proposal to decide the issue of the Debtor's claim of exemption based upon the assumption that Trustee would be able to avoid the transfer of certain real estate into a trust by Debtor. [Doc. #30]. A Stipulation regarding the facts to be assumed by the court was to be filed by November 2, 2022. [*Id.*] While the Objection to the Claim of Exemption and the Debtor's Response had been filed in the Main Case, the Stipulation was filed on November 2, 2022, in Adversary Case 21-03045, styled *Dymarkowski, Trustee v. Nadeau*. [Adv. Case No. 21-03045, Doc. #15].

1

## FACTS

The Stipulation of the parties states: "With respect to this issue only, the Parties stipulate that the Court may assume that the Plaintiff is entitled to judgment on one or more of his claims, as set forth in Counts One through Six of the Amended Complaint, to avoid the transfer made by the Debtor of her residence to the 858 Trust Revocable Living Trust." [Adv. Case No. 21-03045, Doc. #15, p. 2]. Further, "The Parties Stipulate and Agree that the determination of the above issue will adjudicate and determine the merits of the Plaintiff's claim on the Objection filed, at Docket Number 18, by the Plaintiff in the underlying bankruptcy case to the Debtor's claim of exemption and the response thereto filed by the Debtor at Docket Number 24." [*Id.*]

While this approach may appear to "put the cart before the horse", the parties do not wish to go through the time and expense of litigating the avoidance issue, only to have the Debtor's claim of exemption – perhaps – exempt all of the equity in the property and prevent the estate (and its creditors) from receiving any benefit from the litigation. If the Debtor is entitled to claim all of the equity in the property as exempt, despite the transfer of the property to the 858 Trust Living Trust [hereinafter "Trust"], the litigation of the avoidance issue (which would normally come first) could be pointless.

The Stipulation sets forth the following agreed facts:

(1) The Debtor, Teresa Nadeau ("Debtor"), filed for relief under Chapter 7 of Title 11 of the United States Code on or about July 9, 2021.

(2) That the Debtor is a named Defendant in this Adversary Proceeding.

(3) That the Plaintiff is the duly qualified and acting Trustee of the Debtor's bankruptcy estate and has standing to bring the claims brought in this Adversary Proceeding.

(4) That prior to filing her bankruptcy case, the Debtor owned a parcel of real property, described as follows:

> 920 Bury Rd
> Oregon, OH 43616
> Lucas County Parcel ID: 4445306
> Legal: 9 10 7 NE 1/4 NW 1/4 N 5 AC S 15 AC N 1/ 2 W ½
> (hereinafter referred to as "Property").

(5) That at the time the Debtor sought bankruptcy relief, she used the Property as her residence.

(6) That in her bankruptcy case, the Debtor claimed an exemption in the Property pursuant

to 11 U.S.C. § 522 and R.C. § 2329.66(A)(1)(a)/(b).

(7) That the Debtor, individually, acquired sole title to the Property through a general warranty deed dated May 17, 2013, and recorded with the Lucas County Recorder's Office on May 22, 2013.

(8) That on or about September 2, 2019, the Debtor created a revocable living trust, named the 858 Trust Revocable Living Trust. ("Trust").

(9) That the Trust is also a Defendant in this Adversary Proceeding.

(10) That the Debtor is the Trustee of the Trust.

(11) That the Debtor is the Grantor under the Trust.

(12) That the Debtor is the lifetime beneficiary under the Trust.

(13) That the Debtor, as the Grantor under the Trust, retained the right to Alter, Amend or Revoke the Trust during her lifetime.

(14) That on or about September 9, 2019, the Debtor transferred all her interest in the Property, by way of a quit-claim deed, to the Trust, with said deed being recorded with the Lucas County Recorder's Office on September 9, 2019. ("Transfer").

(15) That the Transfer of the Property to the Trust was a voluntary transfer.

(16) That the Trust did not provide to the Debtor any consideration for the Transfer.

(17) That the Debtor was not legally required to make the Transfer of the Property to the Trust.

(18) That the Trust is a self-settled Trust.

(19) That the Debtor is the lifetime beneficiary with respect to the Property under the Trust.

(20) That the Trust is an Ohio Trust and governed by the laws of Ohio.

(21) That prior to the Transfer of the Property to the Trust, litigation was pending against the Debtor in the Lucas County Common Pleas in a case styled *Vidra, et al. v. Nadeau*, Case Number CI-201801344-000.

(22) That on or about October 3, 2019, the Court entered a judgment against the Debtor in the above referenced litigation in the amount of $19,873.24, plus interest and costs.

(23) That at the commencement of the Debtor's bankruptcy case, the Debtor resided in the Property and used the Property as her residence.

[Adv. Case No. 21-03045, Doc. #15].

# LAW AND ANALYSIS

The filing of a Chapter 7 Petition creates a bankruptcy estate consisting of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. §541(a)(1). The Bankruptcy Code allows debtors to exempt certain property from the bankruptcy estate pursuant to 11 U.S.C. § 522(b). *Holland v. Star Bank, N.A. (In re Holland)*, 151 F.3d 547, 548 (6th Cir. 1998). Pursuant to §522(b)(2), a debtor may claim federal exemptions set forth in §522(d) so long as the applicable state has not "opted-out" and enacted its own exemptions. Ohio has opted-out of the federal exemptions, and debtors' bankruptcy exemptions are taken from the Ohio statute. *See*, O.R.C. §2329.662.

Exemption claims are afforded a *prima facie* presumption that they are valid. *In re Aubiel*, 534 B.R. 300, 304 (6th Cir. BAP 2015). The party objecting to a debtor's claimed exemption has the burden of rebutting the presumption by a preponderance of the evidence. Fed. R. Bankr. P. 4003(c); *In re Wengerd*, 453 B.R. 243, 246 (6th Cir. BAP 2011); *Hamo v. Wilson (In re Hamo)*, 233 B.R. 718, 723 (6th Cir. BAP 1999). Given their remedial nature, both federal and Ohio courts generally construe exemption statutes in favor of the debtor. *In re Pugh*, 2015 WL 5145030 at *2, 2015 Bankr. LEXIS 2911 at *4 (Bankr. N.D. Ohio Aug. 31, 2015); *see also*, *Wengerd*, 453 B.R. at 246–47; *Daugherty v. Cent. Trust Co. of Ne. Ohio*, 28 Ohio St.3d 441, 443, 504 N.E.2d 1100, 1101 (1986); *Dennis v. Smith*, 125 Ohio St. 120, 124–25, 180 N.E. 638, 640 (1932); *Sears v. Hanks*, 14 Ohio St. 298, 301 (1863)("The [homestead] act should receive as liberal a construction, as can fairly be given to it.").

The Trustee's Objection to the claim of exemption, and the problem for the Debtor, arises from the limitations found in 11 U.S.C. §522(g), which states, in pertinent part:

> Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—
>
> > (1)(A) such transfer was not a voluntary transfer of such property by the debtor; and
> >
> > (B) the debtor did not conceal such property[.]

11 U.S.C. §522(g)(1)(A)-(B).

Based on facts set forth in the Stipulation, the Debtor voluntarily transferred the property

4

she resides into the Trust for no consideration. The transfer was about 1 year and 10 months before the filing of the above captioned Chapter 7 case. Thus, to the extent that the Trustee was successful in seeking to "recover" the transferred property, the Debtor would be prohibited from claiming an exemption in that recovered property.

Thus, under §522(g) the "remainder" interest in the property would not be subject to the Debtor's claim of exemption. The Stipulation reflects that there was a transfer, and that the transfer to the Trust was voluntary. [Adv. Case No. 21-03045, Doc. #15, p. 4, ¶¶14-15]. There is no allegation that the transfer of the property was not effective. Thus, there was a voluntary transfer to the Grantee/Beneficiary of the Trust, and under §522(g), no exemption can be claimed on that property, should the Chapter 7 Trustee prevail in an action to recover that property or its value.

However, the Stipulation and Article 3 of the Trust appears to provide that: "During the life of the Grantor, the Trustee[1] shall hold, manage, and administer the Trust Estate" for the benefit of the Grantor, essentially creating a "life estate" in favor of the Debtor.[2]

The more difficult issue involves the property that the Debtor had at the time of filing – the interest the Debtor had as a "lifetime beneficiary with respect to the Property under the Trust." [Adv. Case No. 21-03045, Doc. #15, p. 4, ¶19].

The parties have further stipulated: "That the Trust is a self-settled Trust." [*Id*., at ¶18]. The Stipulation also states: "That the Trust is an Ohio Trust and governed by the laws of Ohio." [*Id*. at ¶20]. While there is a "spendthrift" provision in the Trust Agreement, [Adv. Case No. 21-03045, Doc. #16, Ex. A, pp. 32-33, ¶11], under Ohio law such provisions are generally ineffective in a revocable Trust like the one created here by the Debtor. *See generally*, *In re Hadley*, 541 B.R. 829, 835 (Bankr. N.D. Ohio 2015)("The court notes that property in a self-settled revocable trust is property of the estate."). The Ohio Legacy Trust Act may provide a path to an effective spendthrift provision, but the statute requires (among other provisions) that a trust expressly state that it is irrevocable. *See*, O.R.C. §5816.02(K)(1)(c). That is not the case here, where the Trust is clearly stated to be revocable, [Adv. Case No. 21-03045, Doc. #16, Ex. A], and the parties have so stipulated. *See*, [Adv. Case No. 21-03045, Doc. #15, p. 3, ¶8]. Accordingly, the Debtor's

---

1/ As the Stipulation states, both the "Grantor" and the "Trustee" of the Trust are the same person – the Debtor, Teresa Nadeau. [Adv. Case No. 21-03045, Doc. #15, p. 3, ¶¶11-12].

2/ The court has previously considered the "various shades of interest" a trust can create. *See*, *In re Vess*, 2018 WL 722408, at *5, 2018 Bankr. LEXIS 298, at *12 (Bankr. N.D. Ohio Feb. 5, 2018).

"lifetime beneficiary interest" in the real estate, provided for in the Trust, became part of her Chapter 7 bankruptcy estate upon the filing of her Chapter 7 case.

This court has previously held that a lifetime interest in property created through a trust was a sufficient interest to support a homestead exemption in Ohio. *See*, *In re Vess*, 2018 WL 722408, at *5, 2018 Bankr. LEXIS 298, at *12 (Bankr. N.D. Ohio Feb. 5, 2018). However, the *Vess* decision did not involve an avoidable transfer.

Looking at the language of §522(g), the statute only limits a debtor's right to claim an exemption in property "that the trustee recovers". Here, the Debtor's interest as a "lifetime beneficiary" was property of the Debtor's estate at the time of filing. The interest the Debtor had as a "lifetime beneficiary with respect to the Property under the Trust" does not need to be recovered, meaning the Debtor does not bear the burden of showing that they are entitled to claim an exemption in property recovered by the Trustee. This court also cannot rely on "equity" to read out the limitation on a debtor's right to claim an exemption to property that a trustee "recovers." *Law v. Siegel*, 571 U.S. 415, 421-24, 134 S. Ct. 1188, 188 L. Ed. 2d 146 (2014). Accordingly, the Debtor may claim a homestead exemption in the property, up to the value of her "lifetime beneficiary interest."

This court does not decide the issue of the allocation of the secured claim between the "remainder" interest and the "lifetime beneficiary interest." Similarly, at this stage of the proceeding, the court does not presume to decide the issue of how this "lifetime beneficiary interest" should be properly valued, but notes that other bankruptcy courts have valued life estates for various purposes. *See*, *In re Parker*, 2011 WL 3322726, 2011 U.S. Dist. LEXIS 85157 (W.D.N.C. Aug. 2, 2011)(applying state law); *In re Arin*, 2013 WL 5510773, 2013 Bankr. LEXIS 4281 (Bankr. N.D. Cal. Oct. 4, 2013)(reviewing appraisal testimony and Debtor's prior statements on value); *In re Hansen*, 95 B.R. 586, 588 (Bankr. C.D. Ill. 1989)("the value of exemptions is to be determined according to fair market value"); *In re Sasso*, 572 B.R. 331, 334-35 (Bankr. D.N.M. 2017)(looking at IRS standards, but relying on other factors to approve sale).

For the reasons stated above, it is

**ORDERED** that, should the Chapter 7 Trustee prevail in his action to recover the real estate located at 920 Bury Rd., the Debtor's homestead exemption will be limited to her equity in the value of her "lifetime beneficiary interest" in that property.

###