The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Dated: September 28 2022

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 21-31239 |
| | ) | |
| Teresa Nadeau, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | Judge John. P. Gustafson |

### MEMORANDUM AND ORDER DENYING MOTION TO ALTER AND AMEND JUDGMENT

This case comes before the court on Trustee Douglas A. Dymarkowski's "Motion to Alter and Amend Judgment" ("Motion"). [Doc. #37].

On February 14, 2022, this court issued its Memorandum and Order Re: Objection to Debtor's Claim of Exemption. In the Memorandum and Order, the court ordered that, should Dymarkowski prevail in his action to recover the property, the Debtor Teresa Nadeau's homestead exemption will be limited to her equity in the value of her "lifetime beneficiary interest" in that property. Dymarkowski now moves for this court to alter or amend a judgment under Federal Rule of Civil Procedure 59(e), made applicable in bankruptcy proceedings by Federal Rule of

Bankruptcy Procedure 9023. For the reasons below, the Motion will be denied.

## BACKGROUND

On October 19, 2021, this court held a hearing on the Objection to Claim of Exemption, [Doc. #18], and related Response, [Doc. #24]. At the hearing, the court agreed that it would accede to the parties' request and decide the issue of Teresa Nadeau's claim of exemption based upon the assumption that Dymarkowski would prevail in avoiding the transfer of certain real estate into a trust by Teresa Nadeau. The parties subsequently filed a stipulation of facts. The court set forth the stipulated facts in *In re Nadeau*, 2022 WL 456708, 2022 Bankr. LEXIS 363 (Bankr. N.D. Ohio Feb. 14, 2022).

On February 14, 2022, the court ordered that Teresa Nadeau's homestead exemption would be limited to her equity in the value of her "lifetime beneficiary interest." The court reasoned that Teresa Nadeau was entitled to claim this "lifetime beneficiary interest" as exempt because this interest was already property of the bankruptcy estate at the time of filing and therefore could not be recovered.

On February 25, 2022, Dymarkowski filed the present Motion arguing that the court made a clear error of law in concluding that the "lifetime beneficiary interest" cannot be recovered. Teresa Nadeau did not file a response to the Motion.

Dymarkowski's Motion only addresses the interest in property as it relates to Teresa Nadeau. Accordingly, because the court previously addressed that the remainder interest would not be subject to a claim of exemption upon prevailing in an action to recover that property or its value, the court will not revisit the remainder interest.

## LAW AND ANALYSIS

Rule 59(e) allows a litigant to file a "motion to alter or amend a judgment." *Banister v. Davis*, 140 S.Ct. 1698, 1703, 207 L.Ed.2d 58 (2020). The Rule gives a court the chance "to rectify

its own mistakes in the period immediately following" its decision. *Id.* (citation omitted); *accord Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). Although Rule 59(e) is silent about the grounds for relief, courts routinely hold Rule 59(e) includes altering or amending a judgment if there is "a clear error of law." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005); *Dymarkowski v. Savage* (*In re Hadley*), 2016 WL 1019508 at *2, 2016 Bankr. LEXIS 781 at *4 (Bankr. N.D. Ohio Mar. 14, 2016).

A motion under Rule 59(e) is not to be treated as an opportunity to re-argue a case. *Howard*, 533 F.3d at 475 (explaining that "Rule 59(e) allows for reconsideration; it does not permit parties to effectively 're-argue a case'" (citation omitted)); *In re Hadley*, 2016 WL 1019508 at *2, 2016 Bankr. LEXIS 781 at *4. Altering or amending a judgment is an extraordinary remedy and should be granted sparingly with the disposition of such a motion being entrusted to the court's discretion. *Hamerly v. Fifth Third Mortg. Co.* (*In re J & M Salupo Dev. Co.*), 388 B.R. 795, 805 (B.A.P. 6th Cir. 2008); *In re Hadley*, 2016 WL 1019508 at *2, 2016 Bankr. LEXIS 781 at *4. The movant bears the burden of successfully pointing out a manifest or clear error of law. *In re Hadley,* 2016 WL 1019508 at *2, 2016 Bankr. LEXIS 781 at *6.

Dymarkowski claims this court made an "error of law" in finding that Teresa Nadeau's exemption applied to her equity in the value of her "lifetime beneficiary interest." In arguing that this court made a "clear error of law," Dymarkowski mainly raises a distinction in order to clarify his previous argument and argues, for a second time, that avoidance nullifies a transfer. Rule 59(e) cannot be used to relitigate arguments or present new arguments that the moving party could have raised prior to the court's decision. *Howard*, 533 F.3d at 475. Here, it appears that Rule 59(e) is being used to relitigate old matters.

This court will nonetheless consider Dymarkowski's Motion to the extent that he seeks

3

reconsideration to correct an "error of law."

Dymarkowski first insists avoidance "nullifies" a transfer. Dymarkowski then asserts after "nullification" a "recovery" would be possible. In other words, Dymarkowski argues

> Debtor's lifetime beneficial interest in the Residence, and thus her right to exempt that interest, is predicated on the Residence being a part of the res of the Trust. If the Residence, however, is no longer a res of the Trust, which will occur upon the avoidance of the transfer of the Residence to the Trust, then the Debtor has no ability to exempt her lifetime beneficial interest in the Residence.

[Doc. #37, p. 4].

Assuming Dymarkowski prevailed in avoiding the transfer under 11 U.S.C. §548, which was a predicate assumption for the court's decision, avoidance does not necessarily "nullify" a transfer.[1] Generally, a fraudulent transfer, such as one under §548, is voidable, not void. *See, Gouveia v. Cahillane* (*In re Cahillane*), 408 B.R. 175, 212 (Bankr. N.D. Ind. 2009)("The statute provides that a transfer may be 'avoided', not that it is a nullity, or 'void', from its inception: if it were 'void', then there could be no valid subsequent transfer under any circumstance, and the liability provisions of §550(a) would be superfluous."); 1 Garrard Glenn, *Fraudulent Conveyances and Preferences* §111, at 221 (Rev. ed. 1940)("Thus we may return to our theme, which is that the fraudulent conveyance is voidable only[.]"); Orlando Bump, *Fraudulent Conveyances: A Treatise Upon Conveyances Made By Debtors To Defraud Creditors* 491-92 (2d ed. 1876)("Whenever the act done takes effect as to some purposes, and is void as to persons who have an interest in impeaching it, the act is not a nullity, and therefore in a legal sense is not utterly void, but merely voidable. The transfer, however, is good between the parties." (footnote omitted)).

Since avoidance does not render the transfer void, the law regards the transfer as real and binding. *In re Best Prod. Co., Inc.*, 168 B.R. 35, 57 (Bankr. S.D.N.Y. 1994)(citing 1 Garrard Glenn,

---

1/ Dymarkowski argues he would have the right to recover the property under 11 U.S.C. §550. According to Dymarkowski's argument, 11 U.S.C. §§551 or 542 were not at issue.

*Fraudulent Conveyances and Preferences* §114, at 225 (Rev. ed. 1940)). Therefore, a fraudulent transfer is voidable, not void or a nullity.

Section 550 sets forth the remedy after avoidance. The trustee may recover either "the property transferred" or "if the court so orders, the value of such property." 11 U.S.C. §550(a).[2] Thus, there is nothing in the statutory language that supports the argument that avoidance nullifies a transfer.

Dymarkowski also argues that avoiding the transfer of the property to the trust "moots" any legal interest and equitable interest because the trust would lack a res. Not so. A trust in its most general and traditional sense is not a distinct legal entity, but a relationship between multiple persons. 76 Am. Jur. 2d *Trusts* §2 (2022); 90 C.J.S. Trusts §6 (2022); 91 Ohio Jur. 3d Trusts §2 (2022)("As defined in the Restatement Third, Trusts, a trust . . . is a fiduciary relationship with respect to property, arising from a manifestation of intention to create that relationship and subjecting the person who holds title to the property to duties to deal with it for the benefit of . . . one or more persons, at least one of whom is not the sole trustee."). The conceptual difficulty here is that rather than having multiple people, we have one person, the Debtor Teresa Nadeau. She wears the settlor hat, the trustee hat, and one of the two beneficiary hats.

A traditional trust relationship is generally created when one person, a settlor, transfers property or an interest in property to a third party, a trustee, based on an agreement to hold such

---

2/ It is worth mentioning the specific remedy Dymarkowski appears to be asking this court to order. Dymarkowski asks for "nullification" of a transfer that would then entitle Dymarkowski to a "recovery" under §550(a). Under the Bankruptcy Code, however, the remedies available for avoidance of a transfer are generally limited to those available in §550(a). In short, Dymarkowski is asking for a remedy not provided for in the Bankruptcy Code. The Supreme Court has held that "'whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines' of the Bankruptcy Code." *Law v. Siegel*, 571 U.S. 415, 421, 134 S.Ct. 1188, 1194, 188 L.Ed.2d 146 (2014)(quoting *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206, 108 S.Ct. 963, 99 L.Ed.2d 169 (1988)). The remedy Dymarkowski asks for is not within the confines of the Bankruptcy Code and is therefore, it appears, a remedy this court may lack the power to order.

5

property for the benefit of another, a beneficiary. *See e.g.,* Bogert, The Law of Trusts and Trustees §1 (2022). This relationship comprises the separate interests of the beneficiary, who generally has an "equitable interest" in that property, and the trustee, who has a "legal interest" in that property. Accordingly, a beneficiary is an indispensable element to the trust relationship. Restatement (Third) of Trusts §44 (Am. Law Inst. 2003)("A trust is not created, or if created will not continue, unless the terms of the trust provide a beneficiary who is ascertainable at the time or who may later become ascertainable within the period and terms of the rule against perpetuities."); 90 C.J.S. *Trusts* §4 (2022).

In some cases, the settlor may act as trustee. For example, where the settlor is also the trustee, the settlor holds a property interest before creation of the trust, and afterward, holds a bare legal interest in the same property interest as trustee with the equitable interest being held by the beneficiary or beneficiaries. *See,* 76 Am. Jur. 2d *Trusts* §47 (2022)("Accordingly, where the settlor and the trustee are the same person, no transfer of legal title is required since the trustee already holds legal title."); 90 C.J.S. *Trusts* §66 (2022); Restatement (Third) of Trusts §10 cmt. e (Am. L. Inst. 2003)("If the owner of property declares himself or herself trustee of the property for the benefit of one or more others, or for the declarant and one or more others, a trust is created, even though there is no transfer of the title to the trust property to another and even though no consideration is received for the declaration."); 91 Ohio Jur. 3d Trusts §58 (2022)("The law does not require that a settlor, who also serves as trustee of a trust established by declaration, transfer legal title to the trust property since the trustee already holds legal title."); Restatement (Second) of Trusts §100 cmt. a (Am. L. Inst. 1959)("It is immaterial whether the settlor declares himself trustee of property which he owns, or whether he purports to transfer it to himself as trustee."). Thus, no new property interest passes to the settlor-trustee in such a situation. Bogert, The Law of

6

Trusts and Trustees §141 (2022)("It is sometimes stated that the settlor must transfer legal title to the trustee in order to create an express trust. The statement is inaccurate in one respect, however. If the trust is to be created by declaration there is no real transfer of any property interest to a trustee."). In other words, the "settlor has merely remained the owner of part of what she formerly owned." *Id.*

Here, Teresa Nadeau is the settlor and trustee. Suppose the alleged transfer is $(X \rightarrow Y)$, and here $X$ is Teresa Nadeau as settlor and $Y$ is Teresa Nadeau as trustee.[3] Since Teresa Nadeau is the settlor and also the trustee, no transfer of legal title is required because Teresa Nadeau already held legal title as both the settlor and trustee. Moreover, for purposes of a revocable trust, the interest held by Teresa Nadeau would not usually be beyond the reach of creditors.[4] But even if a transfer of legal title in fact occurred, then the transfer was to herself, as trustee in a separate, representative capacity. *See, In re Starr*, 485 B.R. 835, 838 (Bankr. N.D. Ohio 2012)("With

---

3/ The parties stipulated that there was a "transfer" after formation of the trust. As the court previously decided, the interest in property transferred was the remainder. However, it should be noted that Teresa Nadeau transferred property by a quitclaim deed to herself as trustee. The specific interest in property transferred by quitclaim deed as it relates to Teresa Nadeau is somewhat unclear, and the "transfer" essentially retitled the asset in the trustee's name, as trustee of the trust. As mentioned above, the requirement that the settlor transfer legal title to the trustee is generally unnecessary when a settlor also serves as trustee of a trust. *See e.g.*, Restatement (Third) of Trusts §10 cmt. e & illus. 4 (Am. L. Inst. 2003)("[T]he transaction may be viewed (i) as one in which there is and need be no transfer of title to the property, because the settlor-trustee already has title to it, or (ii) as a transaction involving a transfer of title from the property owner individually to himself or herself as trustee, that is, in a separate, representative capacity."). The operative instrument that transferred legal title to the property may have been either the quitclaim deed or the declaration of trust. Notably, Ohio Rev. Code Ann. §5301.25 has been recognized to apply to trust instruments for purposes of recordability. Bogert, The Law of Trusts and Trustees §149 & n.8 (2022)(citing, among other statutes, Ohio Rev. Code Ann. §5301.25).

4/ *See e.g.*, Ohio Rev. Code §5805.06(A)(1)("During the lifetime of the settlor, the property of a revocable trust is subject to claims of the settlor's creditors."); 91 Ohio Jur. 3d Trusts §200 (2022)("Whether or not the terms of a trust contain a spendthrift provision, during the lifetime of the settlor, the property of a revocable trust is subject to claims of the settlor's creditors."); Restatement (Third) of Trusts §25 cmt. a (Am. L. Inst. 2003)("In other substantive respects (such as creditors' rights), the property held in a revocable trust is ordinarily to be treated as if it were property of the settlor and not of the beneficiaries."); Bogert, The Law of Trusts and Trustees §223 (2022)("If the settlor creates a trust for herself for life, with spendthrift provisions on her interest, and with a remainder interest in others at her death, her creditors can reach her life interest but not the remainder, unless she has also reserved a general power of appointment." (footnote omitted)); Erwin N. Griswold, Spendthrift Trusts §475 (1936)(noting that creditors can generally reach a settlor's life interest, but not the vested remainder in another).

7

Debtor's broad control over the property as trustee under the Trust, legal title is nearly immaterial. Clearly, the legal interest in the property passed to the bankruptcy estate by virtue of Debtor's trusteeship of the Trust."). Thus, this legal interest effectively became property of the bankruptcy estate upon filing.

More to the point in this case, a settlor may also be the trustee and a beneficiary. Here, Teresa Nadeau is the settlor, trustee, and one of the beneficiaries.[5] Suppose the transfer at issue was ($X \to Y \to Z_1$ and $Z_2$) and here $X$ is Teresa Nadeau as settlor, $Y$ is Teresa Nadeau as trustee, $Z_1$ is Teresa Nadeau as beneficiary, and $Z_2$ is Bryce Alex Nadeau as beneficiary. Teresa Nadeau would own the legal interest and an equitable interest. *See,* Restatement (Third) of Trusts §3 cmt. d (Am. L. Inst. 2003)("The settlor or the trustee, or both, may be beneficiaries[.]").[6] If there was a transfer of the equitable interest, the transfer was to herself, and this interest was property of the bankruptcy estate as of the date of filing. That equitable interest (the "lifetime beneficiary interest" or life estate) was already part of the bankruptcy estate. As a result, and based on the legal principles below, Dymarkowski would not be able to "recover" the beneficiary interest belonging to Teresea Nadeau.

First, the bankruptcy estate consists of all the interests in property, legal and equitable, possessed by the debtor at the time of filing. 11 U.S.C §541(a)(1); *Owen v. Owen*, 500 U.S. 305,

---

5/ Trust law generally permits this kind of overlap "so long as the trust does not have a single person as both the sole trustee and sole beneficiary." *In re Blasingame*, 920 F.3d 384, 393 (6th Cir. 2019); *accord* Restatement (Second) of Trusts §114 cmt. a, illus. 2 (1959)("A transfers Blackacre to B in trust for A for life, remainder to C. A is both settlor and one of the beneficiaries."). If Teresa Nadeau was the sole beneficiary, the legal and equitable interests would merge. *See,* Restatement (Third) of Trusts §69 (Am. L. Inst. 2003). No merger occurs, however, with a self-settled trust where the settlor is trustee but not the sole beneficiary. *Id.* §69 cmt. c, illus. 2; 1 Bogert, Handbook of the Law of Trusts 572 (1921)("Where the holder of the complete legal title is also a holder of a portion of the equitable interest, the trust is naturally not destroyed. The outstanding equitable interest in others prevents such result.").

6/ The property of a revocable trust is subject to claims of the settlor's creditors. See n.4 and accompanying text. The settlor also being a beneficiary does not alter this result.

8

308, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991)("An estate in bankruptcy consists of all the interests in property, legal and equitable, possessed by the debtor at the time of filing, as well as those interests recovered or recoverable through transfer and lien avoidance provisions."); *Mapother & Mapother, P.S.C. v. Cooper* (*In re Downs*), 103 F.3d 472, 478 (6th Cir. 1996)(holding that a "debtor's equitable interest in the trust is property of the estate").

Second, the Bankruptcy Code allows a debtor to prevent the distribution of certain property by claiming it as exempt. *Clark v. Rameker*, 573 U.S. 122, 124, 134 S.Ct. 2242, 189 L.Ed.2d 157 (2014)("'To help the debtor obtain a fresh start,' however, the Bankruptcy Code allows debtors to exempt from the estate limited interests in certain kinds of property." (quoting *Rousey v. Jacoway*, 544 U.S. 320, 325, 125 S.Ct. 1561, 161 L.Ed.2d 563 (2005))); *Taylor v. Freeland & Kronz*, 503 U.S. 638, 642, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992)("The Code, however, allows the debtor to prevent the distribution of certain property by claiming it as exempt."); *Owen*, 500 U.S. at 308 ("An exemption is an interest withdrawn from the estate (and hence from the creditors) for the benefit of the debtor. Section 522 determines what property a debtor may exempt."); *Holland v. Star Bank, N.A.* (*In re Holland*), 151 F.3d 547, 548 (6th Cir. 1998)("The Bankruptcy Code allows debtors to exempt certain property from the bankruptcy estate."); *Khan v. Regions Bank* (*In re Khan*), 544 F. App'x 617, 620 (6th Cir. 2013)("[N]o property can be exempted 'unless it *first* falls *within* the bankruptcy estate.'" (emphasis in original)(quoting *Owen*, 500 U.S. at 308)).

Accordingly, an exemption, and what interests in property may be claimed as exempt, is generally determined as of the date of filing. *White v. Stump*, 266 U.S. 310, 313, 45 S.Ct. 103, 69 L.Ed. 301 (1924); *Holley v. Corcoran* (*In re Holley*), 661 F. App'x 391, 395 (6th Cir. Oct. 25, 2016)(acknowledging that a debtor may claim only those exemptions available at the time of the bankruptcy petition filing); *In re Richards*, ___ B.R. ___, ___ (B.A.P. 6th Cir. 2022); *In re Aubiel*,

9

516 B.R. 476, 481 (Bankr. N.D. Ohio 2014)(collecting cases that hold the date for determining the right to claim a homestead exemption is the date of filing), *aff'd* 534 B.R. 300 (B.A.P. 6th Cir. 2015);[7] *accord* Ohio Rev. Code §2329.66 (D)(1)("For purposes of this section, 'interest' shall be determined as follows: (1) In bankruptcy proceedings, as of *the date a petition is filed* with the bankruptcy court commencing a case under Title 11 of the United States Code." (emphasis added)).

Finally, §522(g) applies to prohibit the exemption of "property a trustee recovers" and returns to the bankruptcy estate.[8] The statutory language must be given its plain meaning. *See, United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989); *Deutsche Bank Nat. Tr. Co. v. Tucker*, 621 F.3d 460, 462 (6th Cir. 2010). By its own terms, §522(g) only applies to a "recovery" of property under the relevant provisions of the

---

7/ This is the view of every published circuit decision that has followed, or has addressed the continuing validity of, *White v. Stump*'s holding under the Bankruptcy Act. *Klein v. Anderson* (*In re Anderson*), 988 F.3d 1210, 1213-14 (9th Cir. 2021)("When the homeowner files bankruptcy, her right to claim an exemption is fixed as of the petition date; this is often referred to as the 'snapshot rule.'"); *Reliance Cap. Receivables Nineteen LLC v. Crow* (*In re Crow*), 987 F.3d 912, 921 (10th Cir. 2021)("[A] debtor's right to an exemption is determined on the petition date."); *Lerbakken v. Sieloff & Assocs., P.A.* (*In re Lerbakken*), 949 F.3d 432, 435-36 (8th Cir. 2020)("A debtor's exemptions are determined as of the time of the filing of his [bankruptcy] petition." (alteration in original)(citation omitted)); *Hull v. Rockwell* (*In re Rockwell*), 968 F.3d 12, 18 (1st Cir. 2020)("Exemptions are determined at the time the debtor files for bankruptcy."), *cert. denied sub nom. Hull v. Rockwell*, 141 S.Ct. 1372, 209 L.Ed.2d 119 (2021); *In re Burciaga*, 944 F.3d 681, 684 (7th Cir. 2019)("What is exempt, and what is not, depends on the state of affairs when bankruptcy begins."); *Yieran v. Webber II* (*In re Yerian*), 927 F.3d 1223, 1229 (11th Cir. 2019)("It is settled law that a 'claim of exemption is to be determined as of the petition date.'" (citation omitted)); *Hawk v. Engelhart* (*In re Hawk*), 871 F.3d 287, 291 (5th Cir. 2017)("Moreover, the date of filing is the point at which 'the status and rights of the bankrupt, the creditors and the trustee . . . are fixed.'" (quoting *White*, 266 U.S. at 313)).

8/ The appellate courts that have addressed the "recovers" requirement under the Bankruptcy Code have held that in order for there to be a recovery, property needs to be returned to the estate. *See e.g.*, *Stornawaye Fin. Corp. v. Hill* (*In re Hill*), 562 F.3d 29, 33 (1st Cir. 2009)("Here, however, there was nothing to 'get . . . back'—no loss to recoup: by the time that the bankruptcy estate came into existence, the Property had been reconveyed. Because there was never a loss to the estate, there could be no recovery [under §522(g).]"); *Whitlock v. Lowe* (*In re DeBerry*), 945 F.3d 943, 947 (5th Cir. 2019)("Property that has already been returned cannot be 'recovered' in any meaningful sense. And that principle defeats the Trustee's claims against Ms. Whitlock. Once the fraudulently transferred property has been returned, the bankruptcy trustee cannot 'recover' it again using §550(a)."); *see also, Hagan v. Mickens*, 589 B.R. 594, 599 (W.D. Mich. 2018); *Gray v. Bova* (*In re Bova*), 2006 WL 6810940 at *4, 2006 Bankr. LEXIS 4887 at *10 (B.A.P. 9th Cir. Mar. 7, 2006)("[R]egarding Bova's voluntary transfer of his legal interest and retention of an equitable interest, the Panel is satisfied that the bankruptcy court determined that no transfer of Bova's equitable interest occurred; and thus, there was no property for the trustee to recover for purposes of §522(g).").

Bankruptcy Code. Under the stipulated facts of this case, there was no property, other than the remainder interest, for Dymarkowski to recover for purposes of §522(g).

Applying these principles here, this court determines Dymarkowski has not met his burden of pointing out a clear error of law. A debtor may claim an exemption in property that existed on the date of filing. *In re OBrien*, 443 B.R. 117, 133-35 (Bankr. W.D. Mich. 2011)(analyzing the district court's appellate analysis in *Nino v. Moyer*, 437 B.R. 230 (W.D. Mich. 2009)). In *OBrien*, the bankruptcy court applied the legal principles above and acknowledged that when a debtor transfers property away prepetition and then receives a retransfer of that *same* property back prepetition, such property may be exempted. *Id.* at 135.[9] To the extent there was a transfer of the Debtor's "lifetime beneficiary interest" to the Debtor, then the principle in *OBrien* applies.

At the most basic level, this interest in property was property of Teresa Nadeau's bankruptcy estate on the date of filing. Accordingly, under these principles, the "beneficiary interest" held by Teresa Nadeau may be claimed as exempt because this interest was property of the estate when she filed bankruptcy. This was a fact stipulated to by the parties.

Without "a valid statutory basis for doing so," this court cannot "refuse to honor" Teresa Nadeau's claimed exemption. *Law v. Siegel*, 571 U.S. 415, 424, 134 S.Ct. 1188, 188 L.Ed.2d 146 (2014). Section 522(g) does not prevent Teresa Nadeau from claiming an exemption in the "lifetime beneficiary interest" because the parties stipulated that Teresa Nadeau "is the lifetime beneficiary with respect to the Property" and that "at the commencement of [Teresa Nadeau's] bankruptcy case, [Teresa Nadeau] resided in the Property and used the Property as her residence."

---

9/ It is important to distinguish the result here from the "no harm, no foul" rule rejected in *Tavenner v. Smoot* (*In re Tavenner*), 257 F.3d 401, 407 (4th Cir. 2001)(holding that transfers of potentially exempt property are amenable to avoidance and recovery actions by bankruptcy trustees, rejecting the "no harm, no foul" rule). This was not a case where this court applied the "no harm, no foul" rule. Instead, this is case where a debtor held an exemptible interest in property as of the filing date.

11

[Adv. Case No. 21-03045, Doc. #15, ¶¶5, 12, 23]. This "lifetime beneficiary interest" (Teresa Nadeau's right or interest in the property) cannot be "recovered" because this interest was property of the bankruptcy estate at the time the Chapter 7 case was filed. *In re Nadeau*, 2022 WL 456708 at *1-2, 2022 Bankr. LEXIS 363 at *3-5 (Bankr. N.D. Ohio Feb. 14, 2022). Therefore, the interest held by Teresa Nadeau may be claimed as exempt.

Again, this result is consistent with the Bankruptcy Code because exemptions are generally determined as of the filing date.

In sum, Teresa Nadeau may claim as exempt the "lifetime beneficiary interest" for two interrelated reasons. First, Dymarkowski cannot "recover" the "lifetime beneficiary interest" because this "lifetime beneficiary interest" was never transferred, or if it was transferred, then it was transferred to the Debtor and was already property of the bankruptcy estate as of the date of filing. Second, since this interest was property of the bankruptcy estate as of the filing date, Teresa Nadeau may claim an exemption in this interest.

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that the Motion to Alter and Amend Judgment [Doc. #37] be, and hereby is, **DENIED**.

###