The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Dated: May 6 2025

John P. Gustafson
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | | |
|---|---|---|---|
| In Re | ) | Case No. | 21-31239 |
| | ) | | |
| Teresa Nadeau | ) | Chapter 7 | |
| | ) | | |
| Debtor. | ) | | |
| | ) | **JUDGE JOHN P. GUSTAFSON** | |

## MEMORANDUM OF DECISION ON MOTION TO CONVERT CHAPTER 7 TO CHAPTER 13

This case is before the court on Debtor Teresa Nadeau's Motion to Convert Chapter 7 to Chapter 13 ("Motion to Convert") [Doc. #85] and Chapter 7 Trustee Douglas A. Dymarkowski's ("Trustee") Objection to Conversion [Doc. #88]. The court has jurisdiction over Debtor's pending Chapter 7 case under 28 U.S.C. §1334(a) and General Order 84 of the United States District Court for the Northern District of Ohio, which is the general order of reference to the bankruptcy courts in this district under 28 U.S.C. §157(a). This is a core proceeding that this bankruptcy judge may hear and determine under 28 U.S.C. §§157(b)(2)(A) and (O).

1

## FACTS

The Debtor commenced this Chapter 7 bankruptcy case on July 9, 2021. [Doc. #1]. Since the case was filed, the court has issued a number of decisions on the avoidance of a pre-petition transfer, exemptions and dischargeabilitiy. *In re Nadeau*, 2022 WL 456708, 2022 Bankr. LEXIS 363 (Bankr. N.D. Ohio Feb. 14, 2022); *In re Nadeau*, 2022 WL 4542768, 2022 Bankr. LEXIS 2779 (Bankr. N.D. Ohio Sept. 28, 2022); *Danberry Co. v. Nadeau (In re Nadeau)*, 2022 WL 4540235, 2022 Bankr. LEXIS 2778 (Bankr. N.D. Ohio Sept. 28, 2022); *Dymarkowski v. Nadeau, (In re Nadeau)*, 2023 WL 6332837, 2023 Bankr. LEXIS 2411 (Bankr. N.D. Ohio Sept. 28, 2023); *Dymarkowski v. Nadeau, (In re Nadeau)*, 2023 WL 7288238, 2023 Bankr. LEXIS 2681 (Bankr. N.D. Ohio Nov. 3, 2023); and *Danberry Co. v. Nadeau (In re Nadeau)*, 2024 WL 4863658, 2024 Bankr. LEXIS 2837 (Nov. 21, 2024).

In addition, the court has held hearings on matters related to Debtor's Motion to Convert [Doc. #85]: 1) Hearing on the Chapter 7 Trustee's Objection to Debtor's Motion to Convert [Doc. 88] held on January 21, 2025; 2) Hearing on Debtor's Motion to Vacate Discharge [Doc. #89] held on February 19, 2025; and 3) Hearing on Objection to Professional Fees [Doc. #103] of the attorney for the Chapter 7 Trustee held on February 27, 2025.

There appear to be two major issues relating to Debtor's Motion to Convert. One is Debtor's eligibility under Chapter 13, after having received a Chapter 7 discharge, and the length of time this case has proceeded under Chapter 7. The second issue is whether Debtor meets the "good faith" requirement of Chapter 13, given the voluntary transfer of her residential real estate to a self-settled trust just prior to the filing of her Chapter 7 case, and the court's avoidance of the transfer of her remainder interest, and the denial of her claimed exemption in that portion of her

residence.

## LAW AND ANALYSIS

Section 706(a) of the Bankruptcy Code governs conversion of a Chapter 7 case to a case under another chapter of the Bankruptcy Code. 11 U.S.C. §706(a). Generally, §706(a) allows a debtor to convert a case under Chapter 7 to a case under Chapter 13 at any time if the case has not previously been converted, stating:

> The debtor *may* convert a case under this chapter to a case under chapter 11, 12, or 13 of this title *at any time*, if the case has not been converted under section 1112, 1208, or 1307 of this title. Any waiver of this right to convert a case under this subsection is unenforceable.

(Emphasis added).

However, Section 706(d) provides a limitation on a debtor's right to convert a Chapter 7 case:

> Notwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter.

*See generally*, *Marrama v. Citizens Bank*, 549 U.S. 365, 127 S.Ct. 1105, 166 L.Ed.2d 956 (2007).

The Bankruptcy Code permits a debtor to convert a Chapter 7 case to a Chapter 13 case "at any time" if the case has not previously been converted; however, this right is not absolute and may be limited if the bankruptcy court finds fraudulent conduct or the absence of good faith. 11 U.S.C. §§706(a) & (d); *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 374-75, 127 S.Ct. 1105, 1111-1112, 166 L.Ed.2d 956 (2007). The Supreme Court has recognized that the broad authority granted to bankruptcy judges to prevent abuse is sufficient to justify denial of a motion to convert. *Id.* 549 U.S. at 375, 127 S.Ct. at 1112 (citing 11 U.S.C. §105(a)).

Prior to the *Marrama* decision, the Sixth Circuit had held that conversion from Chapter 7 to

Chapter 13 may be denied in the absence of good faith. *See, In re Copper*, 426 F.3d 810, 815, 817 (6th Cir. 2005), *citing*, *In re Alt*, 305 F.3d 413, 418-19 (6th Cir. 2002). In assessing a motion to convert, the bankruptcy court has the authority "to police the integrity of its proceedings" and must consider the "totality of the circumstances." *In re Copper*, 426 F.3d at 815, 817. The Sixth Circuit has emphasized that good faith is a fact-specific and flexible determination. *In re Alt*, 305 F.3d at 419. Indicators of bad faith include abuse of the bankruptcy process, failure to disclose assets or other relevant information, false representations in another court, significant delay in filing the conversion motion, lack of candor with the court and creditors, discrepancies in filed schedules, false testimony regarding assets, or an attempt to convert only after a discharge has been denied. *See, In re Woodberry*, 2021 WL 2660488, at *2, 2021 U.S. App. LEXIS 8040, *1 (6th Cir. Mar. 18, 2021); *In re Copper*, 426 F.3d at 814-15. Additionally, a bankruptcy court may evaluate whether cause exists to reconvert the case to Chapter 7 if a motion to convert is granted. *In re Copper*, 426 F.3d at 814-15.

In *In re Woodberry*, the Sixth Circuit upheld the bankruptcy court's finding of bad faith where the debtor engaged in conduct to frustrate creditor collection efforts, failed to disclose substantial financial transactions, and delayed seeking conversion for over a year. 2021 WL 2660488, at *2, 2021 U.S. App. LEXIS 8040, *1. The debtor also failed to propose a viable Chapter 13 plan and presented frivolous arguments and baseless accusations throughout the litigation. *Id.* On the other hand, the published Sixth Circuit decision in *Copper* cites Judge Whipple's decision *In re Oblinger*, 288 B.R. 781 (Bankr. N.D. Ohio 2003), and paraphrases and quotes from page 785 of that decision:

> (court "tends to agree with those cases holding that conversion might ... be denied under 'extreme circumstances' such as a debtor's abuse of process," but finding that such circumstances did not exist in that case)

*Copper*, 626 F.3d at 814.

However, *Copper* was decided before *Marrama*, and *Marrama* appears to endorse a somewhat lower threshold of "cause" to deny conversion than "extreme circumstances". Specifically, the *Marrama* decision stated: "In practical effect, a ruling that an individual's Chapter 13 case should be dismissed or converted to Chapter 7 because of prepetition bad-faith conduct, including fraudulent acts committed in an earlier Chapter 7 proceeding, is tantamount to a ruling that the individual does not qualify as a debtor under Chapter 13." *Marrama*, 549 U.S. at 373-374, 127 S.Ct. at 1111.

Applying these principles, the circumstances of the present case share some characteristics with factors the Sixth Circuit has considered in assessing bad faith. The Debtor filed the Motion to Convert only after the court entered an order permitting the sale of her Residence, despite having already received a discharge in her Chapter 7 case. Furthermore, the court has previously found that Debtor's transfer of the remainder interest in her residential real estate was an avoidable transfer. Under Sixth Circuit precedent, these factors weigh against allowing conversion.

However, unlike *Woodberry*, this is not an attempt to convert after discharge was denied. In fact, there are difficult issues presented here because this is the opposite situation: a Chapter 7 discharge has already been granted, and the Debtor is now seeking to convert her case to a Chapter 13 post-discharge. Notably, none of Debtor's debts have been held to be non-dischargeable.

In *In re Fletcher*, the District Court held that a Chapter 7 discharge does not automatically bar conversion to Chapter 13. No. 23-10586, 2023 WL 7637236, at *2, 2023 U.S. Dist. LEXIS 203802, *2 (E.D. Mich. Nov. 14, 2023); *see also*, *Oblinger*, 288 B.R. at 784-786. The bankruptcy court had denied conversion because the debtor had previously received a discharge before moving to convert her Chapter 7 case to one under Chapter 13, without analyzing bad faith or whether the debtor qualified for Chapter

13. *Id.* However, *Fletcher* reasoned that the Chapter 7 discharge did not eliminate creditors' claims against the bankruptcy estate, nor did it prevent the debtor from funding a Chapter 13 plan and the case was permitted to continue in Chapter 13. *See, Id.* (citations omitted). Accordingly, conversion will not be denied simply because Debtor has previously received a Chapter 7 discharge.

The issue of delay is one that is troubling, but the delay in this case was not solely because of the Debtor's actions. While it was clear from statements made in connection with the Hearing on Debtor's original counsel's Motion to Withdraw as Attorney [Adv. Case No. 21-03045, Doc. #30] that counsel had recommended conversion to Chapter 13 as early as April of 2023, and Debtor had elected not to follow that recommendation. But, after that time period there was also a significant delay in administration of the Chapter 7 estate based on the Chapter 7 Trustee's appeal filed in October of 2023. [Doc. #45]. If the appeal had resulted in either affirmance or reversal of the underlying decision of this court, that would not be a "delay" – but on appeal the District Court held that the decision was not a final appealable order [*Dymarkowski v. Nadeau*, 740 F.Supp.3d 650 (N.D. Ohio 2024)] and remanded the case in July of 2024 [Doc. #51]. Accordingly, the appeal did not materially advance the litigation.

Counterbalancing the concerns about the propriety of conversion to Chapter 13 are two factors. First, because the asset in issue – the non-exempt remainder interest in the Debtor's residence – must be included in determining whether the "best interest of creditors/liquidation test" is met [11 U.S.C. §1325(a)(4)], creditors must receive at least as much as they would in a Chapter 7 case. Moreover, as the proponent of a Chapter 13 Plan, the Debtor will have the burden of proof as to any properly contested element required for confirmation under Section 1325(a). *See generally*, *Shaw v. Aurgroup Financial Credit Union*, 552 F.3d 447, 458 (6th Cir. 2009)(quoting Ninth Circuit case law in support of the provision of 1325(a) being mandatory: "For a court to confirm a plan, each of the requirements of section 1325 must

6

21-31239-jpg    Doc 108    FILED 05/06/25    ENTERED 05/06/25 14:16:27    Page 6 of 8

be present and the debtor has the burden of proving that each element has been met."); *Hardin v. Caldwell (In re Caldwell)*, 895 F.2d 1123, 1126 (6th Cir. 1990)(Chapter 13 debtor's burden to show good faith); *Hackerman v. Demeza*, 576 B.R. 472, 482 (M.D. Pa. 2017)("it is the plan proponent who bears the burden of proof to establish by a preponderance of the evidence that the proposed plan is in the creditors' best interests."); *In re Maunakea*, 448 B.R. 252 (D. Haw. 2011), quoting *In re Hill*, 268 B.R. 548, 552 (9th Cir. BAP 2001)("The debtor, as the chapter 13 plan proponent, has the burden of proof on all elements of plan confirmation."); *In re Kinsale*, 617 B.R. 58, 64 (Bankr. D.S.C. 2020)("Debtor has the burden of proof at confirmation."); *In re Adamson*, 615 B.R. 303, 307 (Bankr. D. Colo. 2020)("Chapter 13 debtors bear the burden of proving the required elements of 11 U.S.C. § 1325 by a preponderance of the evidence."); *In re Brasher*, 2020 WL 6598105 at *6 n.16, 2020 Bankr. LEXIS 1530 at 11 n.16 (Bankr. D. Nev. May 15, 2020)("debtors have the burden of proving that their proposed Chapter 13 plan pays at least liquidation value to allowed unsecured claims."); *In re Kane*, 603 B.R. 491, 493-494 (Bankr. D. Kan. 2019)("Debtor, as proponent of his Chapter 13 plan, bears the burden of proof to show that his plan meets the requirements for confirmation found in §1325(a).").

Further, if the Debtor cannot propose, confirm, comply with, and complete a Chapter 13 Plan, the court can – and in this case almost certainly will[1] – convert the case back to a Chapter 7 proceeding. The "absolute right to dismiss" a Chapter 13 case only applies to cases that were originally filed under Chapter 13, not to cases that were converted to Chapter 7. *See*, 11 U.S.C. §1307(b) ("(b) On request of the debtor at any time, *if the case has not been converted under section 706*, 1112, or 1208 of this title, the court shall dismiss a case under this chapter.").

---

1/  It is difficult to see how dismissal of this asset case would ever be in creditors' best interest.

While this is a close decision, Debtor's Motion to Convert will be Granted.

Accordingly,

**IT IS ORDERED** that Debtor's Motion to Convert [Doc. #85] be, and hereby is, **GRANTED.**

###