**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



**Dated: April 17 2026**

_____
John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 21-31239 |
| | ) | |
| Teresa Nadeau | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | Judge John P. Gustafson |

## <u>ORDER ALLOWING ATTORNEY FEES FOR REPRESENTATION OF THE CHAPTER 7 TRUSTEE IN A REDUCED AMOUNT</u>

This cause comes before the court on the Interim Application for Compensation [Doc. #99] filed by the Attorney for the Chapter 7 Trustee; and the Objection to Professional Fees [Doc. #103] filed on behalf of the Chapter 13 Debtor. A Hearing was held on the Interim Application and the Objection on February 27, 2025. After the initial Hearing, various intervening issues arose during the course of the Chapter 13 case, including the Chapter 13 Trustee obtaining an appraisal of the real estate located at 920 Bury Rd. Accordingly, a second Evidentiary Hearing was scheduled and held on February 12, 2026.

The majority view is that the statutory fees of a Chapter 7 Trustee are not allowed as a Chapter 13 claim when a Chapter 7 case is converted to a proceeding under Chapter 13. This is

1

because a Chapter 7 Trustee's fees are limited to a percentage of "all moneys disbursed or turned over in the case by the trustee to parties in interest." 11 U.S.C. §326(a). On the other hand: "The Trustee's counsel and realtor are not limited by Section 326(a)." *In re Shelby*, 664 B.R. 255, 264 (Bankr. E.D. Mo. 2024)(citing cases); *In re Staker*, 667 B.R. 556, 563 (Bankr. S.D. Ohio 2025)(citing *Shelby*).

The attorney for the Chapter 7 Trustee filed an Interim Application for Compensation [Doc. #99] seeking attorney fees in the total amount of $28,420. The court finds that all of the non-appellate work done by the attorney for the Chapter 7 Trustee is fully compensable and is allowed as an administrative claim in Debtor's Chapter 13 case. That work clearly benefited the estate and the creditors in this case. *See generally*, *In re Nadeau*, 2022 WL 456708, 2022 Bankr. LEXIS 363 (Bankr. N.D. Ohio Feb. 14, 2022); *In re Nadeau*, 2022 WL 4542768, 2022 Bankr. LEXIS 2779 (Bankr. N.D. Ohio Sept. 28, 2022); *In re Nadeau*, 2022 WL 4540235, 2022 Bankr. LEXIS 2778 (Bankr. N.D. Ohio Sept. 28, 2022); *In re Nadeau*, 2023 WL 6332837, 2023 Bankr. LEXIS 2411 (Bankr. N.D. Ohio Sept. 28, 2023); *In re Nadeau*, 2023 WL 7288238, 2023 Bankr. LEXIS 2681(Bankr. N.D. Ohio Nov. 3, 2023); *In re Nadeau*, 2024 WL 4863658, 2024 Bankr. LEXIS 2837 (Bankr. N.D. Ohio Nov. 21, 2024); *In re Nadeau*, 2025 WL 1314189, 2025 Bankr. LEXIS 1091 (Bankr. N.D. Ohio May 6, 2025).

At issue is the amount of attorney fees to be allowed for work on the appeal [Doc. #45] of the court's Memorandum And Order Re: Trustee's Objection To Debtor's Claim Of Exemption. [Doc. #35]. The appeal followed the court's denial [Doc. #40] of the Chapter 7 Trustee's Motion to Reconsider. [Doc. #37].

The Chapter 7 Trustee's appeal was rejected by the District Court based upon a finding that the Order appealed from was not a final appealable order. *See*, *Dymarkowski v. Nadeau*, 740 F.Supp. 650 (N.D. Ohio 2024). The Interim Application reflects 39.6 hours spent on the appeal, with fees requested in the amount of $11,880. [Doc. #99, at pp. 7-8]. The court finds it appropriate to address these fees separately, although they must also be viewed within the broader litigation context.

There are many ways a party can protect themselves in a situation where they are uncertain as to the finality of a bankruptcy court's order. Under Federal Rule of Bankruptcy Procedure 8004(a), to appeal a bankruptcy court's interlocutory order under 28 U.S.C. §158(a)(3), a party must file a motion for leave to appeal. *See*, Fed. R. Bankr. P. 8004(a)(2); *Hooker v. Wanigas Credit*

2

*Union*, 2020 WL 7253496 at *1 (6th Cir. Nov. 9, 2020)("But interlocutory orders are different; they can be appealed only 'with leave of the [district] court.'")(citing 28 U.S.C. § 158(a); Collier on Bankruptcy ¶ 5.08(1)(a))).

The provisions of Fed. Bankr. R. P. 8004(b)(1) also state that: "a motion for leave to appeal must include: (A) the facts needed to understand the question presented; (B) the question itself; (C) the relief sought; (D) the reasons why leave to appeal should be granted; and (E) a copy of the interlocutory order or decree and any related opinion or memorandum." While compliance with the other criteria may be disputed, it is clear the appeal did not include "the reasons why leave to appeal should be granted".

If a party fails to include a motion for leave but has timely filed a notice of appeal, a district court may "treat the notice of appeal as a motion to leave and either grant or deny it." Fed. R. Bankr. P. 8004(d). *Id*.

Notably, the case law is clear that interlocutory "appeals are permissible only in exceptional or extraordinary circumstances." *Mason v. Massie*, 335 B.R. 362, 368 (N.D. Ohio 2005); *In re McBride*, 203 B.R. 633, 635 (S.D. Ohio 1996).

In the appeal at issue, the "Statement Of Appellate Jurisdiction" assumed, in a single sentence, that the Order being appealed from was final, meaning that the appeal could proceed under 28 U.S.C. §158(a)(1). [23-cv-02053-JGC, Doc. #5]. There was no statement made, in the alternative, that the appeal should be allowed if the Order were determined to be interlocutory. Appellee, proceeding *pro se*, did not assert that the order appealed from not a final order. [23-cv-02053-JGC, Doc. #5]. The District Court, in its initial determination regarding whether it has jurisdiction, determined that the Order being appealed from was not filed, and that the appeal should be dismissed on that basis.

There are two different criteria that must be met by the attorney for the Chapter 7 Trustee in this case. First are the general requirements that must be met for compensation of an attorney for the Chapter 7 Trustee in a Chapter 7 case, and the amount that should be allowed on that basis. Second, to the extent that the requirements are different, the amount that should be allowed as a post-petition pre-conversion administrative claim in the Chapter 13 case

The Sixth Circuit endorsed the "lodestar" method of calculating the reasonableness of the fees requested in bankruptcy cases. *See, In re Boddy*, 950 F.2d 334, 337 (6th Cir. 1991). Under *Boddy*'s approach, bankruptcy courts first determine the "lodestar" amount by "multiplying the

3

attorney's reasonable hourly rate by the number of hours reasonably expended." *Id*. From that point, the court may apply the factors set for in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 109 S. Ct. 939, 103 L. Ed. 2d 67 (1989). *See*, *In re Village Apothecary, Inc.*, 45 F.4th 940, 944-45 (6th Cir. 2022)("Then, and only then, may the court "exercise its discretion" and vary the award based on the same *Johnson* factors.")(citing *Grant v. George Schumann Tire & Battery Co.*, 908 F.2d 874, 879 (11th Cir. 1990); *Harman v. Levin*, 772 F.2d 1150, 1152 n.1 (4th Cir. 1985)). Relevant here is the eighth factor, which asks courts to consider the "amount involved and the results obtained." *Johnson*, 488 F.2d at 718.[1]

There are additional factors that can be considered under §330(a)(4): Although §330 gives bankruptcy courts broad discretion to award fees, it categorically excludes fees in three circumstances. Under § 330(a)(4), "the court shall not allow compensation for" (1) "unnecessary duplication of services," (2) "services that were not reasonably likely to benefit the debtor's estate," or (3) services that were not "necessary to the administration of the case." *Id*. § 330(a)(4)." *Village Apothecary*, 45 F.4th at 945. Two of these factors are at least relevant to the courts review of the requested fees in this case: "services that were not reasonably likely to benefit the debtor's estate" and services that were not "necessary to the administration of the case."

Later in the *Village Apothecary* case, the court states:

> Finally, our conclusion is supported by § 330's grant of discretion to the bankruptcy courts. Section 330(a)(1) makes the award of fees discretionary, not mandatory. 11 U.S.C. § 330(a)(1). Courts "may award" a professional "reasonable compensation" for "actual, necessary services," but the statute does not require them to award these fees. *See In re Robinson*, 189 F. App'x 371, 373 (6th Cir. 2006)("A bankruptcy court is afforded broad discretion in determining attorney's fees." (citing 11 U.S.C. § 330(a))). And reviewing courts have consistently acknowledged the bankruptcy court's discretion in awarding fees. *See*, *e.g.*, *In re Boddy*, 950 F.2d at 338; *accord In re Mkt. Ctr. E. Retail Prop., Inc.*, 730 F.3d at 1248–49 ("[B]ankruptcy courts have wide discretion in awarding

---

1/ As *Village Apothecary* noted: "In 1994, Congress amended § 330, codifying many, but not all, of these factors. *See,* Bankruptcy Reform Act of 1994, Pub. L. No. 103-394, § 224, 108 Stat. 4106, 4130–31 (1994); *see also* 3 Collier, supra, § 330.03(9) ("A majority of the Johnson criteria are now codified in section 330(a)(3).").  Section 330(a)(3) now instructs courts to "consider the nature, the extent, and the value of such services, taking into account all relevant factors, including" the time spent, rates charged, "whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered," among others. 11 U.S.C. § 330(a)(3). But the statute does not mention the "results obtained" factor." *Id*. at 945.

compensation to attorneys, trustees, and professionals so long as it is reasonable." (*quoting In re Com. Fin. Servs.*, 427 F.3d 804, 810 (10th Cir. 2005))). Given this discretion, we think reading the list of factors as merely illustrative better fits the structure of the text.

So the text of § 330(a)(3) permits courts to consider factors not listed, including "results obtained."

*Village Apothecary*, 45 F.4th at 948-49.

At this first level of analysis – the attorney fees to be awarded to the attorney representing the Chapter 7 Trustee in a Chapter 7 – there appear to be grounds to reduce the fee award (by some amount) for the time spent on the appeal of the Order that the District Court held was not a final appealable order.

Every appellate court has the obligation to determine if it has jurisdiction to hear the appeal. *McGruder v. Metropolitan Government of Nashville & Davidson County, Tennessee*, 99 F.4th 336, 340 (6th Cir. 2024)("This Court 'must satisfy itself that appellate jurisdiction exists to hear the appeal.'"); *Schwab Industries, Inc. v. Huntington National Bank*, 679 F.App'x 397, 398 (6th Cir. Feb. 13, 2017)(citing *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31, 127 S. Ct. 1184, 167 L. Ed. 2d 15 (2007)); *Mason v. Massie*, 335 B.R. 362, 366-67 (N.D. Ohio 2005)("Before the Court may reach the merits of any argument presented in this case, it must first determine whether it has jurisdiction over the matter."); *see generally*, *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95, 118 S. Ct. 1003, 1012-13, 140 L. Ed. 2d 201 (1998).

While the Sixth Circuit has held that the "results obtained" is not a basis for denying fees under §330(a)(4), it can be a basis for reducing the amount of attorney fees that are approved by the court under §330(a)(3). *Village Apothecary*, 45 F.4th at 945, 947-52.

Another area of concern to the court is the fact that no appraisal of the property in issue was done prior to the filing of the appeal. The Debtor's Schedule A reflected that her valuation of the Bury Rd. property was $352,530. [Doc. #1, p. 8]. However, Debtor's valuation was stated to have come from "Trulia", an online real estate website. [*Id*.]. Throughout the pendency of this case, the court expressed concerns about the lack of a reliable valuation of the 920 Bury Rd. property.

After the conversion of the case to a proceeding under Chapter 13, the Chapter 13 Trustee employed an appraiser for the real estate in issue. The appraiser determined the fair market value

of the property to be $440,000.[2]   At that valuation, The $145,425 Ohio homestead exemption, and the amount of the mortgage – originally listed at $232,427 in the Chapter 7 Schedule D [Doc. #1, p. 21] – still leaves equity available to pay creditors in the amount of $62,148, which would be sufficient to pay all creditors in full.[3]   Because of the appraised value of the property, the underlying issue that was appealed, whether the homestead exemption applied to the life estate, would make no substantive difference in the case.   Creditors would receive 100% in a Chapter 7, and thus must receive 100% to satisfy Chapter 13's Best Interest of Creditors/Liquidation Test.

Another issue here is that, without knowing the value of the property – which could have been ascertained for $600, attorney for the Chapter 7 Trustee incurred $11,880 in attorney fees that would, at this point in the litigation, have made no difference to creditors – win or lose.   On the other hand, this was a situation where the Chapter 7 Trustee had no funds on hand to obtain an appraisal. [Doc. #34 ("Sale/Funds Received by the Estate")].   The court recognizes this to be a structural difficulty in Chapter 7 cases.   But at the same time, if an appraiser could have been convinced to do the appraisal subject to money coming into the estate to pay the appraiser – at say, even double the $600 fee – the court could have approved a fee that reflected higher compensation to off-set the risk of non-payment.

While this issue does not play a role in the court's decision on the fee issue presented, it is a recurring problem that needs to be addressed directly and creatively in future cases where the advisability of litigation depends, in some substantial way, on the value of the property in issue.

Returning to the law directly affecting the fee issue, the second legal hurdle for approval of the fees for the Chapter 7 Trustee's attorney is case law which views an administrative claim through an additional lens of the benefit provided to the estate. *See e.g.*, *In re Collins*, 201 B.R. 538, 540 (Bankr. N.D. Ohio 1997)(stating that the attorney for the trustee "is entitled to compensation pursuant to § 330 of the Code, to the extent his services were reasonable and necessary and provided some benefit to the estate."); *In re Norwood*, 663 B.R. 548, 559 (Bankr.

---

2/   At Debtor's original valuation, any non-exempt equity for creditors would have depended on the valuation of the "life estate" and "remainder" interests, and the allocation of the mortgage debt between those interests.

3/   Note that the "equity" for creditors numbers are minimums.   They do not take into account that the that the mortgage amount may be lower based on payments made since the case was filed in July of 2021, or how the mortgage might be apportioned between the "life estate" and "remainder interest", or how the value of the life estate (over and above the mortgage debt attributed to that interest) might be less than the full amount of the homestead exemption.   The court had previously held that the "remainder interest" had been recovered by the Chapter 7 Trustee, and therefore was not subject to the Debtor's claim of exemption. *See*, 11 U.S.C. §522(g).

W.D. Ark. 2024)(Looking at whether the work "resulted in a benefit to the estate and whether the fees are proportional to the value of the benefit achieved."). Other courts dealing with this issue appear to have focused more on traditional factors in determining attorney fees. *In re Staker*, 667 B.R. 556 (Bankr. S.D. Ohio 2025).

In evaluating the amount of fees to be allowed, the court notes that a Chapter 7 Trustee's attorney hired at an hourly rate is not a guarantor of litigation results.[4] Nor should the bankruptcy court view the work done with the benefit of hindsight.[5] On the other hand, viewed objectively, there was a relatively routine issue regarding the finality of the court's Order that should have triggered more attention than it received. Counsel cited to the press of the 14 day deadline to appeal – but, the court issued two Orders on the exemption issue, one after the trial and a second Order on counsel Motion for Reconsideration. There was ample notice of the court's position on the exemption issue long before the appeal. Hoping for a different result on Reconsideration does not excuse not being prepared to act upon receiving the same answer with a longer explanation.

However, this does not mean that counsel for the Chapter 7 Trustee should not have considered – and gone forward – with the appeal. Rather, the appropriate action would have been to protect the estate by having the issue of the finality of the Order brought before the bankruptcy court, or the District Court, so that issue could be decided prior to the need for the filing of a full-blown appellate brief and reply brief, and the fees associated with their preparation.

If those protective actions had been taken, they would have required the expenditure of time for research on the finality issue, the proper procedure for addressing the issue, and the preparation of the pleadings needed to present the interlocutory/final Order issue, potentially to two courts.

Thus, the court finds that this alternative course, proceeding with the appeal by first addressing the jurisdictional issue, would have resulted in substantial attorney fees that the court estimates would have totaled approximately $3,500 to $4,000.

Taking all of these considerations into account, the court finds that the Interim Application for Compensation should be allowed in the total amount of $20,420.

---

4/ *In re Allegiance Coal USA Limited*, 661 B.R. 874, 890 (Bankr. D. Del. 2024); *In re Haimil Realty Corp.*, 579 B.R. 19, 27 (Bankr. S.D.N.Y. 2017).

5/ *In re Huffman*, 502 B.R. 205, 209 (Bankr. S.D. Ohio 2012)(explaining that courts "should resist the temptation to engage in 20/20 hindsight and [that it should] focus instead on facts known (or which should have been known) to the applicant at critical points during the pendency of the case.").

**IT IS THEREFORE ORDERED** that the Interim Application for Compensation [Doc. #99] is allowed in the amount of $20,420.

**IT IS FURTHER ORDERED** that $20,420 is allowed as a post-petition pre-conversion administrative claim in the Chapter 13 case.

8