**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



**Dated:  May 8 2026**

_____
John P. Gustafson
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.    21-31239 |
| | ) | |
| Teresa Nadeau | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE JOHN P. GUSTAFSON |

### MEMORANDUM OF DECISION DENYING CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN AND RE-CONVERTING THIS CASE TO A PROCEEDING UNDER CHAPTER 7

This case is before the court on Confirmation of Debtor's proposed Chapter 13 Plan and Chapter 13 Trustee Elizabeth A. Vaughan's Motion to Reconvert to a Chapter 7 Case [Doc. #116].

### FACTS

The Debtor commenced the above captioned case as a Chapter 7 bankruptcy on July 9, 2021. [Doc. #1].   Since the case was filed, the court has issued a number of decisions on the issues presented. *See generally*, *In re Nadeau*, 2022 WL 456708, 2022 Bankr. LEXIS 363 (Bankr. N.D. Ohio Feb. 14, 2022); *In re Nadeau*, 2022 WL 4542768, 2022 Bankr. LEXIS 2779 (Bankr. N.D.

1

Ohio Sept. 28, 2022); *In re Nadeau*, 2022 WL 4540235, 2022 Bankr. LEXIS 2778 (Bankr. N.D. Ohio Sept. 28, 2022); *In re Nadeau*, 2023 WL 6332837, 2023 Bankr. LEXIS 2411 (Bankr. N.D. Ohio Sept. 28, 2023); *In re Nadeau*, 2023 WL 7288238, 2023 Bankr. LEXIS 2681(Bankr. N.D. Ohio Nov. 3, 2023); *In re Nadeau*, 2024 WL 4863658, 2024 Bankr. LEXIS 2837 (Bankr. N.D. Ohio Nov. 21, 2024); *In re Nadeau*, 2025 WL 1314189, 2025 Bankr. LEXIS 1091 (Bankr. N.D. Ohio May 6, 2025).

During the Chapter 7 case, the Chapter 7 Trustee commenced litigation to recover real estate located at 920 Bury Road, Oregon, Ohio. The litigation was based on the allegation that the transfer of that real estate to a revocable trust, with Debtor and her son as beneficiaries, was avoidable as a fraudulent transfer.

In the Debtor's Schedules, she averred that as to the Bury Road property, the "Current value of the portion you own" was "$0.00". [Doc. #1, p. 18, Part 1, No. 2]. She also asserted a homestead exemption of $145,425, the full amount of Ohio's homestead exemption at the time she filed her Chapter 7 Petition. [*Id*.].

After a trial, the court held that the transfer of the remainder interest to Debtor's son was a fraudulent transfer that was recoverable by the Chapter 7 Trustee. Because the transfer was voluntary, and the property was recovered through litigation initiated by the Chapter 7 Trustee, the court held that no homestead exemption could be taken on the value of the remainder interest in the Bury Road property that had been transferred to Debtor's son. *See*, §522(g).

As the Chapter 7 Trustee moved forward to sell the Bury Road property, Debtor moved to convert this case to a proceeding under Chapter 13. On May 6, 2025, the court granted Debtor's Motion to convert her case to a proceeding under Chapter 13. During the Chapter 13, an appraisal of the property was obtained by the Chapter 13 Trustee. [Doc. #161]. The appraisal valued the property at $440,000. At that value, there would be non-exempt equity over and above the mortgage loan and the Debtor's homestead exemption sufficient to pay all creditors 100% of their claims. This would be true even if the Debtor were able to assert her homestead exemption against the full fee simple Bury Road property, and not just her life estate interest.

As the Sixth Circuit has held, to confirm a Chapter 13 Plan it must comply with the

requirements of Section 1325(a) of the Bankruptcy Code: "the provisions in 11 U.S.C. §1325(a) are mandatory requirements for confirmation of a proposed plan under Chapter 13 of the Bankruptcy Code and that a bankruptcy court has no discretion to confirm a plan which does not comply with those requirements." *Shaw v. Aurgroup Financial Credit Union*, 552 F.3d 447, 462 (6th Cir. 2009).

In this case, the court held hearings on both confirmation of the Chapter 13 Plan and re-conversion of the Debtor's Chapter 13 case back to a proceeding under Chapter 7 on July 29, 2025, September 25, 2025, November 20, 2025, December 18, 2025, January 8, 2026, April 23, 2026 and finally, on May 7, 2026. To determine these issues, two matters needed to be resolved: 1) the value of the real estate, [Doc. #161] and 2) the amount of the allowed claim of the counsel for the Chapter 7 Trustee. [Doc. $183].[1]

The Debtor has proposed a Chapter 13 Plan [Doc. #121] that calls for payments of $325 per month for 60 months. This proposed payment will not pay creditors at least as much at they would receive in a Chapter 7 if the Bury Road property were sold by the Chapter 7 Trustee. Accordingly, the Chapter 13 Plan cannot be confirmed because it does not comply with 11 U.S.C. Section 1325(a)(4), which requires that:

(a) Except as provided in subsection (b), the shall confirm a plan if –

*     *     *     *     *

(4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date;

The Debtor's Plan did not provide for monthly payments that would be sufficient to pay her creditors the equivalent of what they would receive if the estate of the Debtor were liquidated under Chapter 7. In her "Notice of Mandatory Legal Authority and Debtor's Non-Consent to

---

1/ Debtor has also periodically attempted to contest the claim of Danberry Co. The court ruled on the issue of the validity of Danberry's claim in *In re Nadeau*, 2023 WL 7288238, (Bankr. N.D. Ohio Nov. 3, 2023) [Adv. Case No. 21-03045, Doc. #44]. In short, the Danberry claim is based upon a final non-appealable state court judgment that was actually litigated, and affirmed by the Sixth District Court of Appeals. *Danberry Co. v. Nadeau*, 2020 WL 6819190, 2020 Ohio App. LEXIS 4213 (Ohio Ct. App. Nov. 20, 2020).

3

Trustee's Proposed Chapter 13 Plan" ("Notice") [Doc. #193] the Debtor erroneously characterized the Trustee's calculation of the amount of the minimum monthly payments arguably necessary[2] to comply with §1325(a)(4) as the "Trustee's Plan". Nevertheless, the Notice reflected the Debtor's unwillingness to propose a Plan that would provide creditors with payments that would equal what they would receive in a Chapter 7 liquidation on the date of the Hearing. Debtor asked to speak on her own behalf, and her attorney agreed that she should be allowed to present her arguments for the record. When questioned, she again clearly stated her unwillingness to file an Amended Plan that would comply with the requirements of §1325(a)(4).

## LAW AND ANALYSIS

The Debtor asserts that if there was an increase in the value of her property, that increase in value belongs to her, not the creditors of her estate. She further asserts that her exemption is somehow being surcharged. She also makes arguments in equity, that the court should confirm her Chapter 13 Plan despite the statutory problems described above.

In determining the amount needed to comply with §1325(a)(4), the hypothetical liquidation under Chapter 7 must include the post-Petition appreciation in the value of estate property, over and above the applicable exemption. Any increase in the value of the real estate, based on price appreciation, goes to the benefit of creditors. *See, Coslow v. Reisz*, 811 F.App'x 980, 983-84 (6th Cir. 2020)("So, in general, post-petition increases in equity do become part of the bankruptcy estate, as long as the equity isn't payment for post-petition services.")(citing *Wilson v. Rigby*, 909 F.3d 306, 309 (9th Cir. 2018); *In re Orton*, 687 F.3d 612, 619 (3rd Cir. 2012)("the debtor is limited to the value of the exemption; the estate is entitled to any appreciation in the asset's value beyond the amount exempted."); *In re Gebhart*, 621 F.3d 1206, 1221 (9th Cir. 2010)("any additional value in the property remains the property of the estate, regardless of whether the extra value was present at the time of filing or whether the property increased in value after filing."); *In re Celentano*, No. 10-22833 (NLW), 2012 WL 3867335, at *5 (Bankr. D.N.J. Sept. 6, 2012)); and 11 U.S.C. §541(a)(6).

---

2/ The figure the Chapter 13 Trustee cited as being the minimum amount necessary to meet the requirements of §1325(a)(4) could have been objected to by creditors as being insufficient because it did not provide for interest to be paid on allowed claims from the date of filing. *See generally*, *In re Hardy*, 755 F.2d 75 (6th Cir. 1985).

4

The Debtor asserts that a "snapshot rule" applies, preventing any increase in value going to the benefit of creditors. *Coslow* specifically addressed a "snapshot" argument in the context of a motion to abandon property, and rejects it. *Coslow*, 811 App'x at 984. The Coslow court relies, in part, on the statute's use of the present tense. Similarly, under §1325(a)(4) the confirmation requirement speaks in terms of a Chapter 7 liquidation "on such date".

In contrast, courts have held that exemption rights, including the amount of an applicable exemption, are fixed at the date of filing. *See*, *In re Aubiel*, 516 B.R. 476, 481 (Bankr. N.D. Ohio 2014)(collecting cases that hold the date for determining the right to claim a homestead exemption is the date of filing), *aff'd* 534 B.R. 300 (B.A.P. 6th Cir. 2015); *In re Nadeau*, 2022 WL 4542768 at *6 n.7, 2022 Bankr. LEXIS 2779 at *12 n.7 (Bankr. N.D. Ohio Sept. 28, 2022); *see also*, Ohio Rev. Code § 2329.66(D)(1)("For purposes of this section, 'interest' shall be determined as follows: (1) In bankruptcy proceedings, *as* of *the date a petition is filed* with the bankruptcy court commencing a case under Title 11 of the United States Code." (emphasis added)).

Thus, Debtor's arguments that any post-Petition increase in value should go to the Debtor must be rejected.

The Debtor further asserts that her exemption is, somehow, being "surcharged" like the exemption was surcharged in *Law v. Siegel*, 571 U.S. 415, 134 S. Ct. 1188, 188 L. Ed.2d 146 (2014). This argument must be rejected because it is factually and legally incorrect.[3] The full amount of Debtor's claimed exemption was used to calculate the amount creditors were entitled to receive under §1325(a)(4).

Dismissal[4] or conversion of a Chapter 13 case is governed by 11 U.S.C. §1307(c). *In re*

---

3/ In *Law v. Siegel*, the Supreme Court rejected equitable arguments and relied upon a specific statutory provision, Section 522(k), to disallow the surcharge of debtor's homestead surcharge. 571 U.S. at 422, 134 S. Ct. at 1195. Here, in the first instance, even with the full allowance of Debtor's homestead exemption, the proposed Chapter 13 Plan does not comply with §1325(a)(4). If, at some point, it becomes necessary to litigate the limitation of the homestead exemption to Debtor's life estate interest, that is a limitation imposed by statute. *See*, §522(g); *In re Jackson*, 2011 WL 1741965 at *4, 2011 Bankr. LEXIS 1741 at **11-12 (E.D. Tenn. May 5, 2011). If the Debtor opposed the application of the statutory exemption limitation in §522(g), it would be the Debtor arguing against the application of a controlling statute based upon equitable arguments – the position that the Supreme Court rejected in *Law v. Siegel*, 571 U.S. at 421, 134 S. Ct. at 1194 ("whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code.").

4/ The right of a Debtor to dismiss a Chapter 13 case is limited to cases where the case was originally filed as a

5

*Nwosu*, 667 B.R. 844, 853–54 (Bankr. S.D. Ohio 2025); *In re Van Gompel*, 632 B.R. 730, 735 (Bankr. D.S.C. 2021); *In re Guy*, 654 B.R. 765, 770 (Bankr. W.D. Pa. 2023).

Under §1307(c) the court conducts a two-step evaluation process. First, the court must determine if there is sufficient "cause" to terminate the Chapter 13 case. Second, the court must determine whether dismissal or conversion is in the best interest of creditors and the estate. *See generally*, *Karamoussayan v. Mass. Dept. of Rev.* (*In re Karamoussayan*), 656 B.R. 652, 662 (B.A.P. 1st Cir. 2024); *In re VanSickle*, 2017 WL 806647 at *1, 2017 Bankr. LEXIS 550 at *3 (Bankr. N.D. Ohio Feb. 28, 2017).

Because the Debtor's Chapter 13 Plan was unconfirmable as proposed, and Debtor is unwilling to modify her Chapter 13 Plan to comply with the requirements of §1325(a)(4), the court finds cause for either dismissal or conversion under §1307(c)(1) and (5).

Section 1307(c) states that a court may dismiss or convert a Chapter 13 case to a proceeding under Chapter 7, "whichever is in the best interest of the creditors and the estate". As courts have noted, "the statute does not instruct the bankruptcy court to consider the best interest of the debtor in deciding whether to dismiss a chapter 13 case." *Brown v. Sobczak* (*In re Sobczak*), 369 B.R. 512 (9th Cir. BAP 2007); *VanSickle*, 2017 WL 806647 at *1, 2017 Bankr. LEXIS 550 at *3.

The court finds that it is in the best interest of creditors and the bankruptcy estate to re-convert this case to a proceeding under Chapter 7 because there appears to be equity in the Bury Road property over and above the applicable mortgage and Debtor's homestead exemption.

For the reasons stated above, and the additional reasons stated during the Hearings on confirmation and re-conversion,

**IT IS ORDERED** that Confirmation of Debtor's Chapter 13 Plan is denied.

**IT IS FURTHER ORDERED** that the above captioned case be, and is hereby, converted back to a proceeding under Chapter 7 of the Bankruptcy Code.

###

---

Chapter 13. *See*, §1307(b). Here, Debtor's case as previously converted to Chapter 13 from a Chapter 7 under §706, making §1307(b) inapplicable in this proceeding.

6